UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DANIEL KAPETAN, | Case No. 3:13-cv-00171-MMD-VPC |
|---|---|
| Plaintiff, | ORDER ADOPTING AND ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |
| v. | |
| JAMES G. COX, et al. | |
| Defendants. | |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 43) ("R&R") relating to Defendants' Motion to Dismiss (dkt .no. 22) and motions to strike (dkt. nos. 34, 41). No objection to the R&R has been filed. Plaintiff has filed a motion for extension of time to file an amended complaint. (Dkt. no. 44.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard

1  of review employed by the district court when reviewing a report and recommendation to
2  which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219,
3  1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the
4  view that district courts are not required to review "any issue that is not the subject of an
5  objection."). Thus, if there is no objection to a magistrate judge's recommendation, then
6  the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F.
7  Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to
8  which no objection was filed).

9  Nevertheless, this Court finds it appropriate to engage in a *de novo* review to
10 determine whether to adopt Magistrate Judge Cooke's R&R. Upon reviewing the R&R
11 and underlying briefs, this Court finds good cause to adopt the Magistrate Judge's
12 Recommendation in full.

13 It is therefore ordered, adjudged and decreed that the Report and
14 Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 43) is accepted and
15 adopted in its entirety.

16 It is ordered that Defendants' Motion to Dismiss (dkt. no. 22) is granted in part and
17 denied in part as follows:  (1) Count II is dismissed with prejudice and without leave to
18 amend; (2) Count III may proceed; (3) The Eighth Amendment claim against defendants
19 Neubauer, Dutton, Cox, Foster, Reed, Palmer, Walsh, Williams, Smith, Burson, Moyle,
20 Hill, and Stark set forth in Count I may proceed; (4) the Fourteenth Amendment equal
21 protection claim and the ADA claim set forth in Count I will be dismissed with prejudice
22 and without leave to amend; (5) the Fourteenth Amendment due process claim against
23 defendant Ward set forth in Count I will be dismissed without prejudice and with leave to
24 amend.

25 It is further ordered that Defendant's motion to strike Plaintiff's exhibit list (dkt. no.
26 34) is granted. Plaintiff's exhibit list (dkt. no. 30) will be stricken.

27 It is further ordered that Defendant's motion to strike Plaintiff's sur-reply to motion
28 to dismiss (dkt. no. 41) is granted. Plaintiff's sur-reply (dkt. no. 39) will be stricken.

It is further order that Plaintiff's motion for extension of time (dkt. no. 44) is denied as moot since the time period for plaintiff to file the amended complaint has not been triggered. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in compliance with the R&R should he wish to do so. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court.

Plaintiff should clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:13-cv-00171-MMD-VPC, above the words "FIRST AMENDED" in the space for "Case No." Plaintiff may find the Civil Rights Complaint form and instructions on the District of Nevada website http://www.nvd.uscourts.gov/Files/42.1983%20Civil%20Rights%20Complaint.pdf.

DATED THIS 28th day of October 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE