# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DANIEL KAPETAN,

                    Plaintiff,

    v.

JAMES COX, *et al.*,

                    Defendants.

3:13-cv-00171-MMD-VPC

**MINUTES OF THE COURT**

August 24, 2015

PRESENT:    <u>THE HONORABLE VALERIE P. COOKE</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:        <u>LISA MANN</u>        REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Before the court is defendants' motion to strike (#79) plaintiff's purported stipulation to add Rex Reed as a defendant (#74), and also plaintiff's motion for leave to add Rex Reed as a defendant (#88).  Defendants opposed (#91) and plaintiff replied (#94).

The court may strike an improper filing under its "inherent power over the administration of its business."  *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995).  Defendants' motion to strike (#79) is **GRANTED**.  As defendants explain in their motion, plaintiff did not secure their agreement to adding Rex Reed as a defendant.  Thus, there is no valid stipulation.  Docket no. 74 is hereby **STRICKEN**.

Plaintiff's motion for leave (#88) is **DENIED**.  Plaintiff argues that, as a *pro se* party, he should be held to less stringent standards.  Although true, plaintiff misinterprets the application of this rule.  Although *Hanes v. Kerner*, 404 U.S. 519 (1972) and other cases require that he be held to a more minimal *pleading* standard, he is nevertheless expected to read, understand, and comply with the Federal Rules of Civil Procedure and the Local Rules of Practice.

To properly add a party, plaintiff must amend his complaint.  Local Rule II 15-1 requires that plaintiff "attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading."   Plaintiff's motion fails to include an amended complaint.  Therefore, his motion is procedurally improper and the court shall deny his motion.  If plaintiff chooses to file a procedurally proper motion, he is advised to review the applicable pleading standards when preparing the amended complaint.   Simply including Rex Reed by name may not satisfy his obligation to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Deputy Clerk