UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL KAPETAN,<br><br>          Plaintiff,<br>     v.<br>JAMES COX, *et al.*,<br><br>          Defendants. | Case No. 3:13-cv-00171-MMD-VPC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

**I.     SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 96) ("R&R") relating to Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") (dkt. no. 80). The Court has reviewed Plaintiff's objection (dkt. no. 96) and Defendants' response (dkt. no. 98).

**II.    BACKGROUND**

Plaintiff is a former inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events giving rise to this action occurred while Plaintiff was held at Northern Nevada Restitution Center in Reno, Nevada ("NNRC") and Warm Springs Correctional Center ("WSCC") in Carson City, Nevada. Proceeding *pro se*, Plaintiff asserts three counts based on Defendants' alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Dkt. no. 76.)

Defendants moved for partial dismissal of Plaintiff's Second Amended Complaint ("SAC") based on the following arguments: (1) Plaintiff cannot establish that he had a liberty interest in avoiding a transfer between NDOC facilities (from minimum security facility to medium security facility) to support count I; (2) Plaintiff failed to sufficiently plead personal involvement of certain Defendants; (3) Plaintiff was not given leave to assert a defamation claim; (3) Plaintiff's injunctive relief request should be denied a moot since Plaintiff is no longer in NDOC custody; (4) Plaintiff cannot recover monetary damages from Defendants in their official capacities; (5) Plaintiff did not request leave to add Defendant Rex Reed who should be dismissed as to count III. (Dkt. no. 80.) The Magistrate Judge recommends that Defendants' Motion be granted. (Dkt. no. 96.)

## III.  LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F.

///

2

Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not shown — that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotation marks and alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain

3

either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

## IV. DISCUSSION

In his objections, Plaintiff challenges the Magistrate Judge's recommendations to dismiss count I and the defamation claim.[1] (Dkt. no. 97.) The Court will adopt the portion of the Magistrate Judge's recommendations to which Plaintiff did not object.

### A. Dismissal of Count I

Count I of the SAC asserts a claim for violation of due process based primarily on Plaintiff's transfer from a minimum security facility to a medium security facility. (Dkt. no. 76 at 8-12.) The Magistrate Judge found that Plaintiff does not have a cognizable liberty interest under the Due Process Clause to avoid a transfer. (Dkt. no. 96.) The Court agrees with the Magistrate Judge's well reason decision and will adopt it.

The Fourteenth Amendment of the U.S. Constitution guarantees all citizens, including inmates, due process of law. However, only certain interests receive the guarantees of due process; an inmate's right to procedural due process arises only when a constitutionally protected liberty or property interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Therefore, courts analyze procedural due process claims in two parts. First, the court must determine whether the plaintiff possessed a constitutionally protected interest. *Brown v. Ore. Dep't of Corrs.*, 751 F.3d 983, 987 (9th Cir. 2014). Second, and if so, the court must compare the required level of due process

///

---

[1] Plaintiff also requests clarification that Defendant Reed was only dismissed as to count III. (Dkt. no. 97 at 12.) Defendants only moved to dismiss Defendant Reed from count III. (Dkt. no. 80 at 11.) Accordingly, no clarification is needed.

4

with the procedures the defendants observed. *Id.*  A claim lies only where the plaintiff has a protected interest, and defendants' procedure was constitutionally inadequate. *Id.*

Under the Due Process Clause, an inmate does not have liberty interests related to prison officials' actions that fall within "the normal limits or range of custody which the conviction has authorized the State to impose." *Sandin v. Conner*, 515 U.S. 472, 478 (1995) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). The Magistrate Judge correctly found that Plaintiff does not have a protected liberty interest under the Due Process Clause in avoiding transfers between prisons. (Dkt. no. 96 at 4.) Plaintiff challenges the Magistrate Judge's characterization of the nature of the transfer in that he was transferred from a minimum security facility to a medium security facility. (Dkt. no. 97 at 8.) However, this distinction is without a difference here. This is because "the Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system." *Meachum,* 427 U.S. at 25. As the Supreme Court observed, "[t]hat life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." *Id.*; *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin*, 515 U.S. at 472-73 ("[The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.") Thus, Plaintiff has no protected liberty interest under the Due Process Clause in avoiding a transfer regardless of the differences between the conditions at the two state facilities where Plaintiff was housed.

State law also may create liberty interests protected under the Due Process Clause but "these interests will generally be limited to freedom from restraints which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483-84.  Plaintiff essentially argues that he has a state-created liberty interest in being placed in a minimum security facility based on state statutes, NDOC administrative procedures and the terms of his plea

agreement.[2] As the Ninth Circuit Court of Appeals recently observed, "*Sandin* and its progeny made this much clear: to find a violation of a state-created liberty interest the hardship imposed on the prisoner must be 'atypical and significant . . . in relation to the ordinary incidents of prison life.'" *Chappell v. Mandeville,* 706 F.3d 1052, 1064 (9th Cir. 2013) (quoting *Sandin,* 515 U.S. at 483-84). Thus, under *Sandin*, Plaintiff may show a protected liberty interest not by reliance on state statutes or NDOC regulations, but instead by demonstrating that the transfer from a minimum security facility to a medium security facility to which he was subjected rises to the level of "atypical and significant hardship." *See id*. The Magistrate Judge correctly found that Plaintiff has failed to do so even accepting the allegations in his SAC. (Dkt. no. 96 at 4.)

### B. Defamation Claim

In Plaintiff's opposition to Defendant's Motion, he indicates that he "had not continued with his defamation claim." (Dkt. no. 92 at 20.) Based on this representation and on the fact that the SAC does not assert a claim for defamation, the Magistrate Judge apprised the parties that no defamation claim exists and recommends dismissal of such a claim to ensure the parties do not address it as the case progresses. (Dkt. no. 96 at 7.) In his objection, Plaintiff states that his "claims of defamation against Defendant Ward were made in good faith." (Dkt. no. 97 at 12.) To the extent Plaintiff now opposes dismissal of a defamation claim, the Court finds that the SAC does not allege a defamation claim and Plaintiff will not be permitted to proceed on a claim that has not been asserted.

### V. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 96) be accepted and adopted.

---

[2]Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, not based on violation of state laws. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

It is further ordered that Defendants' Partial Motion to Dismiss (dkt. no. 80) is granted.

It is further ordered that count I is dismissed without leave to amend.

It is further ordered that, to the extent count I states a defamation claim, it is dismissed without leave to amend.

It is further ordered that all official-capacity claims for money damages are dismissed with prejudice.

It is further ordered that all claims for injunctive relief are dismissed as moot.

It is further ordered that Defendant Rex Reed is dismissed as a defendant with respect to count III.

DATED THIS 7th day of March 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE